JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-1905 PA (JCx) | Date | March 28, 2023 |
|---|---|---|---|
| Title | Jennifer Fox v. Kantar LLC | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman (video) | |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| (video) | (video) |

**Proceedings:**        IN CHAMBERS --- COURT ORDER

Defendant Kantar LLC ("Defendant") alleges that this Court possesses diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).  On March 22, 2023, the Court held a telephonic hearing with counsel for the parties to determine whether diversity jurisdiction over this action exists. For the reasons stated below, the Court finds that Defendant has failed to plausibly allege that this Court has subject matter jurisdiction over this action.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, Defendant must plausibly allege that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000.  See 28 U.S.C. § 1332; see also Academy ov Country Music v. Continental Cas. Co., 991 F.3d 1059, 1068 (9th Cir. 2021).  To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state.  Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).  Persons are domiciled in the place they reside with the intent to remain or to which they intend to return.  See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where

**JS-6**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 23-1905 PA (JCx) | | Date | March 28, 2023 |
|---|---|---|---|---|
| Title | Jennifer Fox v. Kantar LLC | | | |

it has its principal place of business.  28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).  The citizenship of an LLC is the citizenship of its members.  See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").

     In the Notice of Removal, Defendant alleges:  "Plaintiff is a resident of California.  Plaintiff alleges, '[a]t all times mentioned [within her Complaint, she] was a resident of Los Angeles County, State of California.' (Complaint ¶1; attached as Exhibit 1).  Based on this allegation, Plaintiff must be regarded as a citizen of California.  Residence is prima facie evidence of domicile."  (Notice of Removal ¶ 7.)  As the Notice of Removal alleges, Defendant's support for its allegation concerning plaintiff's citizenship relies on Paragraph 1 of the Complaint, which alleges that plaintiff "was a resident of Los Angeles County, State of California."  (Compl. ¶ 1.)  Because an individual is not necessarily domiciled where he or she resides or is employed, Defendant's allegation concerning the citizenship of plaintiff based on her residence is insufficient to plausibly allege plaintiff's citizenship where the Complaint on which the Notice of Removal relies alleges only where plaintiff "resides."  "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."  Kanter, 265 F.3d at 857; Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient.").  As a result, Defendant's allegations related to plaintiff's citizenship are insufficient to invoke this Court's diversity jurisdiction.

     At the status conference, Defendant's counsel was asked if Defendant had any evidence concerning plaintiff's citizenship and was given an opportunity to supplement the allegations in the Notice of Removal.  Defendant proffered no additional sufficient facts or argument in support of the Court's exercise of subject matter jurisdiction over this action that provides evidence of anything other than plaintiff's residence.  Although plaintiff's counsel initially expressed a willingness to stipulate to plaintiff's domicile, Plaintiff's counsel also stated that he did not have personal knowledge of facts relating to plaintiff's domiciliary intent or citizenship.  The Court therefore provided plaintiff with an opportunity to file a declaration providing sufficient facts to establish that plaintiff is domiciled in and a citizen of California.  The Court stated that the Court would remand the action for lack of subject matter jurisdiction if plaintiff did not file the declaration by Monday, March 27, 2023.  Rather than file a declaration, plaintiff instead filed a Notice of Non-Opposition to Remand.

**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-1905 PA (JCx) | Date | March 28, 2023 |
|---|---|---|---|
| Title | Jennifer Fox v. Kantar LLC | | |

     After plaintiff filed the Non-Opposition to Remand, Defendant filed a Response in which it sought to supplement its Notice of Removal with additional facts related to plaintiff's domicile.  Those facts, like those alleged in the Notice of Removal, provide facts from plaintiff's personnel file and her time while employed by Defendant through December 2, 2022.  None of Defendant's facts provide evidence of plaintiff's domiciliary intent or citizenship as of February 10, 2023, when plaintiff commenced this action.  See Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 695 (9th Cir. 2005) ("The face of [the] initial pleading did not affirmatively reveal information to trigger removal based on diversity jurisdiction because the initial pleading only stated [the party's] . . . residency, not his citizenship, and certainly not his citizenship as of the filing of the complaint.  Diversity jurisdiction is based on the status of the parties at the outset of the case . . . .").

     Although the Court provided the parties with an opportunity to provide the Court with sufficient facts to allow it to determine that the Court possesses diversity jurisdiction over this action, the parties have failed to do so.  Based on Defendant's failure to satisfy its burden to adequately allege a basis for the Court's subject matter jurisdiction, and having construed plaintiff's Non-Opposition to Remand as a Motion to Remand, the Court grants plaintiff's Motion to Remand.  On this Record, and at this time, the Court does not possess subject matter jurisdiction over this action.  Accordingly, this action is hereby remanded to Los Angeles County Superior Court, Case Number 23STCV02961, for lack of subject matter jurisdiction.  See 28 U.S.C. § 1447(c).

     IT IS SO ORDERED.

 

                                                                                     :

Initials of Preparer                        kss